UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
DETROIT DIVISION

MELISSA M. DUTZ,

   Plaintiff,

v.

LAW OFFICES OF TIMOTHY E. BAXTER
& ASSOCIATES, P.C.,

   Defendant.

Case No. 2:20-cv-12379

## COMPLAINT

**NOW COMES** the Plaintiff, MELISSA M. DUTZ, by and through her undersigned counsel, complaining of Defendant, LAW OFFICES OF TIMOTHY E BAXTER & ASSOCIATES, P.C., as follows:

### NATURE OF THE ACTION

1. Plaintiff is seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4. MELISSA M. DUTZ ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Roseville, Michigan.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. LAW OFFICES OF TIMOTHY E. BAXTER & ASSOCIATES, P.C. ("Defendant") is a professional corporation organized under the laws of Michigan.

1

7. Defendant maintains its principal place of business at 33533 West 12 Mile, Suite 170, Farmington Hills, MI 48331.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

9. Plaintiff applied for and obtained a personal loan in the amount of $6,294.92 from WebBank, with Lending Club acting as the servicer of the personal loan.

10. Plaintiff eventually defaulted on the personal loan ("subject debt").

11. After defaulting on the subject debt, Plaintiff retained the services of Beyond Finance (a debt consolidation company) to assist her with her mounting debt.

12. The subject debt was eventually placed with Resurgent Capital Services ("Resurgent") for collection.

13. On March 20, 2019, Beyond Finance, as an authorized representative of Plaintiff, reached a settlement with Resurgent pertaining to the subject debt.

14. Pursuant to the terms of the settlement, the subject debt would be deemed satisfied if Plaintiff paid $2,833 over 24 installment payments, with the first payment being due on March 28, 2019.

15. Plaintiff, through Beyond Finance, made all payments pursuant to the agreement.

16. At some point in time after the agreement was entered into, the subject debt was assigned to Velocity Investments, LLC ("Velocity").

17. Shortly thereafter, Velocity retained Defendant to collect on the subject debt despite the fact that Plaintiff was current on her payments pursuant to the agreement reached with Resurgent.

18. On August 1, 2019, Defendant, on behalf of Velocity, filed a lawsuit against Plaintiff to collect the subject debt.

19. The lawsuit alleged that Plaintiff owed $5,724.15 and sought a judgment against Plaintiff for $5,724.15.

20. Plaintiff was perplexed by the lawsuit as she was current on her payments pursuant to the agreement reached with Resurgent.

21. Notwithstanding the previous agreement with Resurgent, Plaintiff reluctantly entered into a new payment agreement with Defendant ($130 per month) to avoid having to retain counsel to defend the frivolous lawsuit filed by Defendant.

22. Plaintiff was now making payments on the first agreement with Resurgent and the new agreement with Defendant.

23. Plaintiff made at least $910.00 in payments to Defendant over seven months.

24. On June 15, 2020, Defendant sent Plaintiff a correspondence indicating that the balance due on the subject debt is $5,195.20.

25. The amount Defendant stated was owed was significantly inflated and mathematically impossible in light of all the payments Plaintiff has made to Resurgent and Defendant.

26. Defendant's misapplication of payments and collection efforts on a debt that was already subject to a settlement with Resurgent has caused Plaintiff significant anxiety and emotional distress.

27. Realizing that her payments were not being properly applied by Defendant, Plaintiff was forced to retain counsel to enforce her rights and to compel Defendant to cease its abusive debt collection practices.

## **CLAIMS FOR RELIEF**

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

28. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation of 15 U.S.C. § 1692e

29. Section 1692e provides:

[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (2) the false representation of –
>
> > (A) the character, amount, or legal status of any debt.
>
> (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
>
> 15 U.S.C. § 1692e(2)(A) and e(10)

30. Defendant violated 15 U.S.C. §§ 1692e(2)(A) and e(10) by misrepresenting the amount of the debt owed.

31. As set forth above, Plaintiff made at least $910.00 in payments to Defendant.

32. At very minimum, the balance of the subject should have been $4,824.15.

33. When accounting for the payments made by Plaintiff to Resurgent, the balance of the subject debt should have been significantly less than the amount Defendant was attempting to collect from Plaintiff.

34. As set forth above, Plaintiff was significantly harmed by Defendant's abusive debt collection practices.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 15 U.S.C. §§ 1692e(2)(A) and e(10);

B. an award of actual damages sustained by Plaintiff;

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of reasonable attorney's fees and costs; and

E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: August 31, 2020                                      Respectfully submitted,

                                                           MELISSA M. DUTZ

                                                           By: */s/ Mohammed O. Badwan*

                                                           Mohammed O. Badwan
                                                           Sulaiman Law Group, Ltd.
                                                           2500 South Highland Avenue
                                                           Suite 200
                                                           Lombard, Illinois 60148
                                                           (630) 575-8180
                                                           mbadwan@sulaimanlaw.com