UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MELISSA M. DUTZ,

    Plaintiff,

-v-

LAW OFFICES OF TIMOTHY
E. BAXTER & ASSOCIATES, P.C.

    Defendant.

Case No. 2:20-cv-12379
Hon. Stephen J. Murphy III

U.S. Magistrate Judge
Anthony P. Patti

## DEFENDANT'S MOTION TO DISMISS

NOW COMES Defendant, Law Offices of Timothy E. Baxter & Associates, P.C., who for the reasons set forth in its legal brief, requests that this Honorable Court dismiss Plaintiff's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

On **December 16, 2020**, there was a conference between the attorneys and other persons entitled to be heard on the motion in which the movant explained the nature of the motion or request and its legal basis but did not obtain concurrence in the relief sought.

                                                Respectfully submitted,
                                                TIMOTHY E. BAXTER & ASSOCIATES, P.C.

                                                /s/ Timothy E. Baxter
                                                By:  Timothy E. Baxter (P28045)
                                                Attorney for Defendant
                                                33533 W. 12 Mile Road
                                                Suite 170
                                                Farmington Hills, MI 48333
                                                (248) 553-1155
Dated: December 21, 2020          tbaxter@baxlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MELISSA M. DUTZ,

    Plaintiff,                              Case No. 2:20-cv-12379
                                              Hon. Stephen J. Murphy III

-v-

LAW OFFICES OF TIMOTHY        U.S. Magistrate Judge
E. BAXTER & ASSOCIATES, P.C.  Anthony P. Patti

    Defendant.

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

# **TABLE OF CONTENTS**

**PAGE**

STATEMENT OF ISSUES PRESENTED……………………………………….i

INDEX OF AUTHORITIES………………………...………………………..ii

STATEMENT OF FACTS……………………………………………………1

LAW AND ARGUMENT…………………….……………………………6

    A.    STANDARD OF REVIEW…………………………………..6

    B.    THIS FDCPA ACTION MUST BE DISMISSED AS PLAINTIFF WAS PAYING ON TWO SEPARATE AND DISTINCT LOANS; SHE WAS NOT DOUBLE-PAYING ON ONE LOAN………………………………………………7

    C.    CONCLUSION……………………………………….………8

## STATEMENT OF ISSUE PRESENTED

Federal Rule of Civil Procedure 12(b)(6) allows this Honorable Court to dismiss a Complaint that fails to state a claim upon which relief can be granted. In this case, Plaintiff's FDCPA Complaint relies on the belief that Defendant was crediting Plaintiff for only some of her payments on defaulted loans when, in fact, Plaintiff was paying two different creditors for two separate and distinct loans. Should this Honorable Court dismiss this case when it is clear that Plaintiff was not double-paying one loan?

    Plaintiff answers: No.

    Defendant answers: Yes.

    This Court should answer: Yes.

# **INDEX OF AUTHORITIES**

*Rotkiske v. Klemm*, 140 S.Ct. 355, 360 (2019)……………………………………….5

*Chaness & Simon, P.C., v. Simon,* 241 F.Supp.2d 774, 777 (E.D.Mich.2003)……..6

*Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir. 1993)…………………………………6

F. R. Civ. P. 12(b)(6) ……………………………………..…………………………...2

Michigan Rule of Professional Conduct 3.3………………………………………...6

**STATEMENT OF FACTS**

On September 1, 2020, Plaintiff filed this lawsuit under the Fair Debt Collection Practices Act ("FDCPA") against Defendant Law Offices of Timothy E. Baxter & Associates, P.C. (ECF No. 1).

In the Complaint, Plaintiff *alleges* that she applied for a personal loan in the amount of $6,294.92 from WebBank, serviced by Lending Club. (ECF No. 1, PageID.2). After Plaintiff defaulted on this loan, the defaulted loan debt "was eventually placed" with Resurgent Capital Services ("Resurgent"). (ECF No. 1, PageID.2). On March 20, 2019, Beyond Finance, her debt consolidation company, reached a settlement with Resurgent where Plaintiff was to pay $2,833.00 over 24 monthly installments to satisfy the debt. (ECF No. 1, PageID.2).

Plaintiff claims that Defendant sued her on August 1, 2019 to collect on the Resurgent Loan debt. (ECF No. 1, PageID.3). Plaintiff alleges that Defendant sought a judgment of $5,724.15 for this same defaulted loan debt. (ECF No. 1, PageID.3). Plaintiff alleges that she voluntarily entered into a $130.00/month payment arrangement with Velocity Investments, LLC ("Velocity"). Ultimately, Plaintiff alleges in Allegations 24 and 30 that Defendant violated the FDCPA by sending her a letter on July 30, 2020 stating that the balance was $5,195.20, as this was different than the balance owing on the Resurgent Loan. (ECF No. 1, PageID.3-5).

1

There is one glaring issue with Plaintiff's Complaint—there are *at least* two separate loans with two separate and distinct creditors. One of the creditors is Resurgent. The other creditor on a different loan is Velocity. This should be obvious as Plaintiff alleges in her Complaint that she "retained the services of Beyond Finance (a *debt consolidation* company) to assist her with her *mounting debt*." (ECF No. 1, PageID.2) (emphases added). In her Complaint, Plaintiff alleges that she was double paying one defaulted loan, but the reality is she was paying on two separate and distinct defaulted loans.

On or about November 4, 2014, Plaintiff applied for a $7,000.00 consumer loan (Loan No. 34373565) with WebBank that was serviced through LendingClub Corporation. See **Exhibit A – Loan Documents**. Under the terms of the loan, Plaintiff was to make 35 monthly payments of $242.63 beginning on December 7, 2014 and then make a final payment of $242.95 on or before November 7, 2017. *Id.* Plaintiff made the following payments under this loan agreement:

| Payment Date | Payment Amount |
|:---:|:---:|
| 12/05/2014 | $242.63 |
| 01/06/2015 | $242.63 |
| 02/06/2015 | $242.63 |
| 03/06/2015 | $242.63 |
| 04/06/2015 | $242.63 |
| 05/06/2015 | $242.63 |
| 06/05/2015 | $242.63 |
| 07/06/2015 | $242.63 |
| 08/13/2015 | $242.63 |
| 09/04/2015 | $242.63 |

*Id.* No further payments were made on this loan (Loan No. 34373565) and it was subsequently charged off and sold to Velocity on March 31, 2016 with a balance of $5,724.15. The debt was subsequently placed with Defendant for collection. After a Judgment was entered in the 39th Judicial District Court in *Velocity Investments, LLC v. Melissa Dutz*, Case No. 19-2929-GC, Plaintiff entered into a $130.00/month payment plan to pay the Judgment in full. This is tantamount to an admission that she owed the debt to Velocity. In entering into this settlement agreement with

3

Velocity, Plaintiff acknowledged the balance due to Velocity. Defendant voluntarily made the following payments to Velocity:

| Payment Date | Payment Amount |
|---|---|
| 09/25/2019 | $30.00 |
| 12/17/2019 | $130.00 |
| 01/20/2020 | $130.00 |
| 02/18/2020 | $130.00 |
| 03/17/2020 | $130.00 |
| 04/17/2020 | $130.00 |
| 05/18/2020 | $130.00 |
| 06/22/2020 | $130.00 |
| 08/31/2020 | $260.00 |

All of these payments were made *after* Plaintiff *alleges* that she entered into a payment arrangement with Resurgent.

In reviewing Plaintiff's Credit Report, it is clear that she had another loan (Loan No. 380376) through WebBank—serviced by Avant—that was opened in November 2014. See **Exhibit B – Credit Report**. The Credit Report clearly states that CACH LLC/Resurgent Capital was reporting this debt to the credit bureaus. *Id.*

Defendant never received any communication from Beyond Finance regarding Plaintiff. Defendant only represented Velocity in collecting on Loan No. 34373565. Defendant did not and does not represent Resurgent with respect to its loan. Defendant did not and has not taken any effort to collect the Resurgent Loan (Loan No. 380376).

The balance on the July 30, 2020 Balance Letter was correct because it accounted for all payments made towards Loan No. 34373565 (the Velocity Loan). Any payments made towards Loan No. 380376 (the Resurgent Loan) were not credited by Defendant as these payments were made to a different entity (Resurgent) for a different loan (Loan No. 380376). Therefore, Defendant has no liability under Allegation 24 or 30. All other allegations in Plaintiff's Complaint are either barred by the one-year statute of limitations for FDCPA cases (*Rotkiske v. Klemm*, 140 S.Ct. 355, 360 (2019)) or pertain to third parties other than Defendant.

The simplest explanation is usually the right one. Here, there are two entirely different separate and distinct loans owed to two entirely separate and distinct creditors: one being Velocity and the other being Resurgent. However, Plaintiff does not abide by the simplest explanation. Instead, she has alleged in her Complaint that Resurgent and Velocity traded the same debt and back forth and accepted double payments from Plaintiff without properly crediting her. This did not happen. There

is no evidence to suggest this happened. This lawsuit should be dismissed with prejudice at this stage to prevent needless, protracted litigation over factual issues that cannot be disputed.

## II.     LAW AND ARGUMENT

### A.     Standard of Review

Rule 12(b)(6) authorizes the district courts to dismiss any complaint that fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Rule 12(b)(6) affords a defendant an opportunity to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *See Chaness & Simon, P.C., v. Simon,* 241 F.Supp.2d 774, 777 (E.D.Mich.2003) (Gadola, J.). In applying Rule 12(b)(6), the Court must presume all well-pleaded factual allegations in the complaint to be true and draw all reasonable inferences from those allegations in favor of the non-moving party. *See Mayer v. Mylod,* 988 F.2d 635, 638 (6th Cir. 1993); *Chaness & Simon,* 241 F.Supp.2d at 777.

**B.     This FDCPA action must be dismissed as Plaintiff was paying on two separate and distinct loans; she was not double-paying on one loan.**

An attorney has an obligation to be candid with this Honorable Court. Michigan Rule of Professional Conduct 3.3.

It is obvious that Plaintiff had two separate and distinct defaulted loans where she was making separate and distinct monthly payments to two different entities. This lawsuit must be dismissed under Rule 12(b)(6). There is no reason why this lawsuit should go on. Plaintiff hired Beyond Finance to settle her multiple debts. Beyond Finance settled the loan with Resurgent. Plaintiff herself entered into a payment arrangement for her loan with Velocity. Nothing can change these facts. Under these facts, there is no FDCPA violation as Plaintiff was simply paying two different creditors. As a result, the balance on Defendant's July 30, 2020 Letter was correct as it credited Plaintiff for ***all payments*** made towards Loan No. 34373565 (owned by Velocity) and did not credit her for any payments made towards Loan No. 380376, which was a separate loan owned by a different creditor (Resurgent). This case must be dismissed.

**C.     Conclusion**

WHEREFORE, Defendant, Timothy E. Baxter & Associates, P.C., respectfully requests that this Honorable Court dismiss this lawsuit with prejudice.

                                      Respectfully submitted,

                                      TIMOTHY E. BAXTER & ASSOCIATES, P.C.

                                        /s/ Timothy E. Baxter
                                      By:  Timothy E. Baxter (P28045)
                                      Attorney for Defendant
                                      33533 W. 12 Mile Road
                                      Suite 170
                                      Farmington Hills, MI 48333
                                      (248) 553-1155
                                      tbaxter@baxlaw.com

Dated: December 21, 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

MELISSA M. DUTZ,

    Plaintiff,                                      Case No. 2:20-cv-12379
                                                   Hon. Stephen J. Murphy III

-v-

LAW OFFICES OF TIMOTHY         U.S. Magistrate Judge
E. BAXTER & ASSOCIATES, P.C.    Anthony P. Patti

    Defendant.

## **CERTIFICATE OF SERVICE**

    I certify that on December 21, 2020, I efiled via ECF **Defendant's Motion to Dismiss; Brief in Support; and Certificate of Service** and that Mohammed O. Badwan, Esq. received same as he is listed to receive e-mail notices for this case.

                                            Respectfully submitted,

                                            LAW OFFICES OF TIMOTHY E. BAXTER
                                            & ASSOCIATES, P.C.

                                            /s/ Timothy E. Baxter
                                            Timothy E. Baxter (P28045)
                                            Attorney for Defendant
                                            33533 W. 12 Mile Road, Suite 170
                                            Farmington Hills, MI 48331
                                            (248) 553-1155
Dated: December 21, 2020            tbaxter@baxlaw.com